IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DEREK ROMANS, <br> TDCJ-CID No. 01938145, <br><br> Plaintiff, <br><br> v. <br><br> 4-PRICE *et al.*, <br><br> Defendants. | §§§§§§§§§§§ | 2:18-CV-197-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed October 16, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. Plaintiff filed an Amended Complaint on December 7, 2018. (ECF No. 5). For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff's Complaint and Amended Complaint appear to be written by a three-strike barred and sanctioned litigant known to this Court (R. Wayne Johnson). In fact, the Amended Complaint appears to be co-signed by a Johnson, W. *See* ECF No. 5 at 4. The Amended Complaint does not contain factual allegations specific to the Plaintiff and is more of a "gripe list" of all possible

crimes committed against inmates in TDCJ facilities. *Id.* at 1–4. Without any factual claims to support a violation of Plaintiff's rights, this lawsuit is purely frivolous.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

A plaintiff must suffer a personal constitutional violation at the hands of the defendants to have standing and redressability under § 1983. *See Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1987); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Here, Plaintiff makes no allegations that he personally was harmed under the statutes he lists in his Amended Complaint. Thus, Plaintiff's Amended Complaint is frivolous.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** that the Amended Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE